# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID JACKSON, III and NICKOLE JACKSON, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD ZORMIER, sued in his official capacity as Police Chief of the City of Hobart, Indiana, and DETECTIVE ROBERT BRAZIL, sued in his individual capacity, <br><br> Defendants. | CAUSE NO.: 2:20-CV-45-TLS-APR |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Set Aside Clerk's Entry of Default [ECF No. 11], filed on March 10, 2020. For the reasons stated below, the Defendants' request is GRANTED.

## BACKGROUND

On February 3, 2020, the Plaintiffs filed a Complaint [ECF No. 1] in which they alleged various constitutional and state law claims against Richard Zormier, who is the Chief of Police for the City of Hobart, Indiana, and Detective Robert Brazil. Compl. ¶¶ 67–95. In essence, Plaintiff David Jackson was arrested for alleged sexual misconduct, and the Plaintiffs are seeking damages for events arising from this arrest. *See id.* ¶ 32.[1] On February 28, 2020, the Clerk of Court entered default against the Defendants for their failure to respond. *See* Clerk's Entry of Default, ECF No. 7.

---

[1] The Defendants have recently filed a request to stay these proceedings until the pending criminal charges are adjudicated in state court. *See* Motion to Stay Civil Proceedings [ECF No. 17]. The Court is taking this motion under advisement.

On March 10, 2020, the Defendants filed the instant Motion to Set Aside Clerk's Entry of Default. The Defendants state that "[d]ue to a change in corporate counsel for the City of Hobart and the accompanying restructuring of the case inventory system, this case did not get referred to outside counsel as expeditiously as is normal practice." Mot. to Set Aside Clerk's Entry of Default ¶ 2, ECF No. 11. Defendants argue that their delay "was inadvertent, represents excusable neglect, and causes no prejudice to the Plaintiffs." *Id.* ¶ 4. Outside counsel avers that his firm "received this case on March 9th, 2020, and such firm entered its appearance in this matter earlier today, together with a motion for enlargement of time in which to file appropriate responsive pleadings." *Id.* ¶ 3; *see also* Notice of Appearance [ECF Nos. 8, 9].

On March 16, 2020, the Plaintiffs filed a Response [ECF No. 13] to the Defendant's Motion to Set Aside Clerk's Entry of Default. The Plaintiffs argue that the Defendants lacked good cause to set aside the default because (1) Defendant Zormier should have been aware of his legal obligations because he is the police chief and an active attorney; (2) both Defendants should have understood their legal obligations because they are members of a police union and are entitled to free legal services; (3) the City of Hobart's new corporate counsel was hired in December 2019, so there was no excuse for her delay in referring the matter to outside counsel; and (4) the corporate counsel should have represented the Defendants' interest until outside counsel was secured. *See* Pls.' Br. in Opp. to Defs.' Mot. to Set Aside Default & Extension, pp. 2–3, ECF No. 13. The Plaintiffs have also filed a Motion for Default Judgment [ECF No. 6]. This matter is fully briefed and ripe for ruling.

**ANALYSIS**

The Court grants the Defendants' request to set aside the entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)); *see also* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."). The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). The decision of whether to vacate an entry of default is left to the sound discretion of the district court. *Id.* at 810 (citing *Robinson Eng'g Co. Pension Plan and Tr. v. George*, 223 F.3d 445, 448 (7th Cir. 2000)).

In this case, the City of Hobart recently hired new corporate counsel and was restructuring its case management system. Mot. to Set Aside Clerk's Entry of Default ¶ 2. The Defendants state that this caused a delay in referring the case to outside counsel. *Id.* The Court finds that the Defendants' explanation is credible and was not made in bad faith.[2] *See Vitran Express*, 559 F.3d at 631 ("Vitran has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence."); *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) ("Scheck Mechanical showed good cause through declarations establishing that its failure to file a timely answer was not willful but the result of a mistake in processing the documents

---

[2] Certainly, the Plaintiffs made strong points within their Response [ECF No. 13]. However, the Court still finds that the Defendants' explanation is credible.

with its insurer."). Accordingly, the Court finds that the Defendants have established good cause for their default.

The Court also finds that the Defendants acted quickly to correct their mistake. Specifically, once the matter was referred to outside counsel, the Defendants' attorneys filed their Notices of Appearance [ECF Nos. 9, 10] and the instant Motion to Set Aside Clerk's Entry of Default [ECF No. 10]. Finally, after evaluating the Defendants' Motion to Stay Civil Proceedings [ECF No. 17], the Court finds that the Defendants have a meritorious defense. Put simply, the Plaintiffs' allegations arise out of the Defendants' arrest of Plaintiff David Jackson for alleged sexual misconduct. The Defendants seek to stay this case while these pending criminal charges are adjudicated in state court. Therefore, based upon the record as a whole and in an exercise of discretion, the Court finds that the Defendants have established good cause to set aside the entry of default.

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Set Aside Clerk's Entry of Default [ECF No. 11] is GRANTED. The Clerk's Entry of Default [ECF No. 7] is VACATED. Thus, the Plaintiffs' Motion for Default Judgment [ECF No. 6] is DENIED as moot. The Defendants' Motion for Extension of Time to File a Response [ECF No. 10] is GRANTED with relief different than requested. The Court ORDERS that the deadline for Defendants to respond to Plaintiffs' Complaint is temporarily stayed, to be reset in conjunction with the ruling on the pending Motion to Stay Civil Proceedings [ECF No. 17].

SO ORDERED on April 1, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT