UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID JACKSON, III and NICKOLE JACKSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 2:20-cv-45 |
| RICHARD ZORMIER, sued in his official capacity as Police Chief of the City of Hobart, Indiana, and DETECTIVE ROBERT BRAZIL, sued in his individual capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Stay Civil Proceedings Pending the Outcome of Plaintiff David Jackson III's Criminal Charges [DE 17] filed by the defendants, Chief Richard Zormier and Detective Robert Brazil, on March 25, 2020. For the following reasons, the motion is **GRANTED.**

*Background*

On February 3, 2020, the plaintiffs, David Jackson III (Jackson) and Nickole Jackson (Nickole), filed a *pro se* Complaint [DE 1] alleging various constitutional and state law claims against Richard Zormier, who is the Chief of Police for the City of Hobart, Indiana, and Detective Robert Brazil. The plaintiffs contend that the defendants' purported wrongdoing resulted in Jackson being arrested for sexual misconduct with a minor, rape, and child molesting.

Jackson was arrested and detained on March 15, 2018 and March 23, 2018. The defendants have indicated that all of Jackson's criminal charges temporarily were stayed by court order on February 14, 2020 pending an interlocutory appeal. Jackson filed a verified motion to

accept jurisdiction over interlocutory appeal with the Indiana Court of Appeals on March 12, 2020.

The defendants have filed the instant motion requesting the court to stay this matter until Jackson's criminal proceedings are fully adjudicated. The plaintiffs filed a response in opposition on March 31, 2020.

*Discussion*

A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. **Landis v. N. Am. Co.**, 299 U.S. 248, 254–55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); **Tonn & Blank Constr., LLC v. Sebelius**, 968 F. Supp. 2d 990, 992 (N.D. Ind. 2013). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. **Brooks v. Merck & Co.**, 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006); **Rutherford v. Merck & Co.**, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006); **Walker v. Monsanto Co. Pension Plan**, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006).

When deciding whether to issue a stay in a civil proceeding pending a similar criminal proceeding, courts assess a set of factors. *See* **Benevolence Int'l Found., Inc. v. Ashcroft**, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002); **Hollinger Intern., Inc. v. Hollinger Inc.,** 2008 WL 161683, at *2 (N.D. Ill. 2008); **Jones v. City of Indianapolis**, 216 F.R.D. 440, 450 (S.D. Ind. 2003). The court may consider a variety of factors including: (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice of a delay; and (6) the burden that any particular aspect of the proceedings

may impose on the defendant. *Cruz v. County of DuPage*, 1997 WL 370194, at *2 (N.D. Ill. 1997).

The first factor for the court's consideration is the extent to which the issues in the criminal and civil matters overlap. The plaintiffs' § 1983 claims, along with the numerous other constitutional and state law claims, challenge Jackson's arrest for his pending criminal matters. The plaintiffs allege that the defendants engaged in unlawful conduct resulting in Jackson's arrest. Thus, much of the plaintiffs' civil suit is derived from Jackson's criminal prosecution.

Under the second factor, the court considers whether the government has brought both actions. Although the two actions are not brought by the government, the government is a party to both the civil and criminal actions. When the government is a party to both sides, there is concern over the parties taking advantage of the broad scope of discovery in civil proceedings to assist them in the criminal proceedings. *See United States ex rel. Shank v. Lewis Enterprises, Inc.,* 2006 WL 1064072, *4 (S.D. Ill. 2006). This concern is heightened after criminal charges have been filed because the threat of the charges no longer is hypothetical.

The third factor considers the posture of the criminal proceedings. Jackson's criminal proceedings are ongoing. The proceedings have been pending since March of 2018 and currently are stayed pending an interlocutory appeal. Because there is no plea agreement reported at this time, the current posture of the criminal case leans toward a stay. *See Ticor Title Ins. Co. v. Brezinski,* 2009 WL 305810, *2 (N.D. Ind. 2009).

Under the fourth factor, the court considers the public interest. Although the public has an interest in the prompt disposition of civil litigation, it also has an interest in ensuring "that the criminal process can proceed untainted by civil litigation." *Hare v. Custable,* 2008 WL 1995062, at *2 (N.D. Ill. 2008); *see, e.g., Jones v. City of Indianapolis,* 216 F.R.D. 440, 452

(S.D. Ind. 2003).  The court should stay proceedings that may interfere with a pending state criminal case.  ***Horton v. Pobjecky,*** 2013 WL 791332, at *1 (N.D. Ill. 2013).  The instant matter implicates the legality of Jackson's arrest and detention on his pending criminal charges. Moreover, the public interest in the prosecution of Jackson's sexual misconduct charges is high.

Under the fifth factor, the court considers the interest of the plaintiffs in proceeding expeditiously with the litigation and the potential prejudice of a delay.  A stay would not be highly prejudicial to the plaintiffs.  The possibility exists that if the instant matter is not stayed it might undermine Jackson's Fifth Amendment privilege against self-incrimination, and allow "the liberal discovery procedures available in the civil action to circumvent the restrictions on criminal discovery."  ***Doe v. County of Milwaukee,*** 2014 WL 3728078, at *6 (E.D. Wis. 2014). Moreover, the defendants have indicated that Jackson's criminal matters have been pending for two years and should be resolved relatively soon.  Therefore, the delay in these proceedings likely would be minimal.

Finally, the last factor for the court's consideration is the burden that any aspect of the proceedings may impose on the defendants.  The defendants assert that they will be substantially prejudiced by the failure to issue a stay in this matter.  The defendants have indicated that they cannot possibly defend themselves or participate fully in discovery because of Jackson's Fifth Amendment right against self-incrimination.  At this time, the plaintiffs are proceeding *pro se.* When the deposition of Jackson is scheduled, it is likely that his defense attorney will advise him not to answer any questions.  In weighing the various factors, the court finds that a stay is appropriate until the criminal proceedings against Jackson are completed.

Based on the foregoing reasons, the Motion to Stay Civil Proceedings Pending the Outcome of Plaintiff David Jackson III's Criminal Charges [DE 17] is **GRANTED.**  This case is

**STAYED** pending the resolution of David Jackson III's criminal proceedings.  The parties should advise the court as soon as the criminal proceedings are completed.

ENTERED this 17th day of April, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge