UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID JACKSON, III and NICKOLE JACKSON, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD ZORMIER, sued in his official capacity as Police Chief of the City of Hobart, Indiana, and DETECTIVE ROBERT BRAZIL, sued in his individual capacity, <br><br> Defendants. | CAUSE NO.: 2:20-CV-45-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion to Reconsider [ECF No. 23] and Motion for Interlocutory Appeal [ECF No. 24], both filed on April 9, 2020. For the reasons stated below, the Plaintiffs' Motions are DENIED.

**BACKGROUND**

On February 3, 2020, the Plaintiffs filed a Complaint [ECF No. 1] in which they alleged various constitutional and state law claims against Richard Zormier, who is the Chief of Police for the City of Hobart, Indiana, and Detective Robert Brazil. Compl. ¶¶ 67–95. In essence, Plaintiff David Jackson was arrested for alleged sexual misconduct, and the Plaintiffs are seeking damages for events arising from this event. *See id.* ¶ 32.

On February 28, 2020, the Plaintiffs filed a Motion for Clerk's Entry of Default [ECF No. 5] and a Motion for Default Judgment [ECF No. 6]. That same day, the Clerk of Court entered default against the Defendants for their failure to respond. *See* Clerk's Entry of Default, ECF No. 7.

On March 10, 2020, the Defendants filed a Motion to Set Aside Clerk's Entry of Default [ECF No. 11]. The Defendants stated that "[d]ue to a change in corporate counsel for the City of Hobart and the accompanying restructuring of the case inventory system, this case did not get referred to outside counsel as expeditiously as is normal practice." Mot. to Set Aside Clerk's Entry of Default ¶ 2, ECF No. 11. The Defendants argued that their delay "was inadvertent, represents excusable neglect, and causes no prejudice to the Plaintiffs." *Id.* ¶ 4. Outside counsel averred that his firm "received this case on March 9th, 2020, and such firm entered its appearance in this matter earlier today, together with a motion for enlargement of time in which to file appropriate responsive pleadings." *Id.* ¶ 3; *see also* Notice of Appearance [ECF Nos. 8, 9].

On March 16, 2020, the Plaintiffs filed a Response [ECF No. 13] to the Defendants' Motion to Set Aside Clerk's Entry of Default. The Plaintiffs argued that the Defendants lacked good cause to set aside the default because (1) Defendant Zormier should have been aware of his legal obligations because he is the police chief and an active attorney; (2) both Defendants should have understood their legal obligations because they are members of a police union and are entitled to free legal services; (3) the City of Hobart's new corporate counsel was hired in December 2019, so there was no excuse for her delay in referring the matter to outside counsel; and (4) the corporate counsel should have represented the Defendants' interest until outside counsel was secured. *See* Pls.' Br. in Opp. to Defs.' Mot. to Set Aside Default & Extension, pp. 2–3, ECF No. 13. The Plaintiffs further argued that the Defendants failed to provide a meritorious defense. *Id.* at 2.

On March 25, 2020, the Defendants filed a Motion to Stay Civil Proceedings [ECF No. 17]. The Defendants noted that "[t]he issues raised in Plaintiffs' civil action directly implicate the legality of Jackson's arrest and detainment. Jackson's criminal matters have not yet been

fully adjudicated and are all currently stayed pending an interlocutory appeal [to the Indiana Court of Appeals]." Mem. in Supp. of Defs.' Mot. to Stay, p. 3, ECF No. 18. Accordingly, the Defendants requested that the Court stay the Plaintiffs' federal lawsuit until the pending criminal matters were adjudicated in state court. *Id.* at 7. Thereafter, the Honorable Andrew P. Rodovich granted the Defendants' request for a stay on April 17, 2020. Op. & Order, pp. 4–5, ECF No. 31.

Prior to the stay of proceedings, on April 1, 2020, the Court granted the Defendants' Motion to Set Aside Clerk's Entry of Default. Op. & Order, p. 4, ECF No. 22, available at *Jackson v. Zormier*, No. 2:20-CV-45, 2020 WL 1550811, at *2 (N.D. Ind. April 1, 2020). The Court found that the Defendants' explanation regarding the hiring of new corporate counsel and the restructuring of its case management system was sufficient to demonstrate good cause for their delay. Op. & Order at 3. The Court also found that outside counsel acted quickly to correct the Defendants' mistake. *Id.* at 4. Finally, the Court found that the issues raised within the Defendants' Motion to Stay Civil Proceedings raised a meritorious defense. *Id.* Thus, the Clerk's Entry of Default was vacated, and the Plaintiffs' Motion for Default Judgment was denied as moot. *Id.*

On April 9, 2020, the Plaintiffs filed the instant Motion to Reconsider [ECF No. 23] and Motion for Interlocutory Appeal [ECF No. 24]. This matter is ready for adjudication without further briefing.

## ANALYSIS

The Plaintiffs request that the Court reconsider its decision to vacate the Clerk's Entry of Default. Alternatively, the Plaintiffs request an interlocutory appeal to the Seventh Circuit. The Court addresses these issues in turn.

### A. The Motion to Reconsider

The Plaintiffs' Motion to Reconsider is denied. "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); *see also Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *CBI Indus., Inc.*, 90 F.3d at 1269). "Disposition of a motion for reconsideration is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion." *CBI Indus., Inc.*, 90 F.3d at 1270 (citing *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir.1991)).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). "While the

same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test 'is more liberally applied in the Rule 55(c) context.'" *Id.* (citing *United States v. Di Mucci*, 879 F.2 1488, 1495 (7th Cir. 1989)). Furthermore, the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). The decision of whether to vacate an entry of default is left to the sound discretion of the district court. *Id.* at 810 (citing *Robinson Eng'g Co. Pension Plan and Tr. v. George*, 223 F.3d 445, 448 (7th Cir. 2000)).

      This Court has previously found that the Defendants established good cause for their delay. Op. & Order at 4, ECF No. 22. As earlier noted, the City of Hobart recently hired new corporate counsel and was restructuring its case management system. *Id.* at 3. The Defendants stated that this caused a delay in referring the case to outside counsel. *Id.* The Court previously found that the Defendants' explanation was credible and was not made in bad faith. *Id.* at 3–4 (citing *Vitran Express*, 559 F.3d at 631 ("Vitran has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence."); *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) ("Scheck Mechanical showed good cause through declarations establishing that its failure to file a timely answer was not willful but the result of a mistake in processing the documents with its insurer.")). The Plaintiffs' argument regarding good cause is merely a reiteration of their previous argument and is therefore denied. *See CBI Indus., Inc.*, 90 F.3d at 1270. Alternatively, the Plaintiffs fail to demonstrate a manifest error of law or fact. *See Midwest Transit, Inc.*, 531 F.3d at 474.

Within their Motion to Reconsider, the Plaintiffs argue that the Defendants failed to provide a meritorious defense. Regarding a meritorious defense, this Court previously found as follows:

> Finally, after evaluating the Defendants' Motion to Stay Civil Proceedings [ECF No. 17], the Court finds that the Defendants have a meritorious defense. Put simply, the Plaintiffs' allegations arise out of the Defendants' arrest of Plaintiff David Jackson for alleged sexual misconduct. The Defendants seek to stay this case while these pending criminal charges are adjudicated in state court. Therefore, based upon the record as a whole and in an exercise of discretion, the Court finds that the Defendants have established good cause to set aside the entry of default.

Op. & Order at 4, ECF No. 22.

In response to this reasoning, the Plaintiffs now argue that "by accepting this as a meritorious defense, the implication is that Mr. Jackson is guilty until proven innocent, rather than being innocent until proven guilty as should be the basis of our justice system." Mot. to Reconsider at 6, ECF No. 23. The Plaintiffs further argue that "it [is] unlawful for anyone one [*sic*] acting under the authority of law to deprive a person of his or her rights under the Constitution or other federal law. Regardless of whether or not Mr. Jackson were guilty of a crime, he would still retain his civil rights." *Id.* at 5. The Plaintiffs also note that no criminal charges have been filed against Mrs. Jackson. *Id.* at 6. The Court emphasizes that it is not assuming that Mr. Jackson is guilty of the underlying state court charges. Likewise, the Court is aware that the Plaintiffs could have a claim under § 1983 even if Mr. Jackson is found guilty in state court. However, to avoid any further confusion, the Court offers the following analysis.

"A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). "[T]he public has an interest in ensuring that

the criminal process can proceed untainted by civil litigation." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) (citing *Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003)). To that point, an entry of default or a default judgment could interfere with a pending criminal proceeding in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("The policy against federal interference with pending state proceedings would thus be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment"). The Defendants' Motion to Stay Civil Proceedings raised this concern. Thus, given the lenient standard provided under Rule 55(c), the Court finds that the Motion to Stay raised a serious question regarding the propriety of the Clerk's Entry of Default. *See Vitran Exp., Inc.*, 559 F.3d at 631 (concluding that a motion to vacate may be read in conjunction with other court documents); *Rowan*, 73 F.3d at 138 (concluding that an award of damages would interfere with state criminal proceedings); *Phipps*, 39 F.3d at 165 ("A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a *serious question regarding the propriety of a default judgment* . . . .") (emphasis added). As such, under the unique circumstances of the case, the Motion to Stay raised a meritorious defense.

In the alternative, Federal Rule of Civil Procedure 55(c) states that the district court may set aside an entry of default for "good cause" shown. Fed. R. Civ. P. 55(c). Within their Motion to Set Aside Clerk's Entry of Default [ECF No. 11], the Defendants did not address the underlying merits of the Plaintiffs' allegations. However, the Plaintiffs' Complaint [ECF No. 1] is a fifteen-page document with numerous factual assertions regarding the pending criminal case. *See* Compl. ¶¶ 6–65. Further, responding to the Plaintiffs' allegations could undermine the pending criminal charges in state court. *See Degen v. United States*, 517 U.S. 820, 827 (1996)

("[T]he court can exercise its discretion to manage the civil litigation to avoid interference with the criminal case."); *Doe v. County of Milwaukee*, No. 14-C-200, 2014 WL 3728078, at *6 (E.D. Wis. Jul. 29, 2014) ("In addition, permitting a defendant in a criminal case to use information obtained from discovery in a related civil action would undercut the important purposes of restrictive criminal discovery rules."). As such, for the purposes of their Motion to Set Aside Clerk's Entry of Default, the Defendants had good reason not to respond to the underlying merits of the Plaintiffs' allegations. Furthermore, as explained earlier, the Court finds that the Defendants' explanations regarding the reason for their delay was credible and not made in bad faith. The Defendants' attorneys also acted quickly to correct the mistake. As such, notwithstanding their failure to address merits of the Plaintiffs' allegations, the Court finds that the Defendants established good cause for their default and that "the purpose and intent of Rule 55(c) has been fulfilled." *Vitran Exp., Inc.*, 559 F.3d at 631 (citing *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007)). Thus, the Plaintiffs' Motion to Reconsider is denied.

**B.     The Motion for an Interlocutory Appeal**

The Plaintiffs' request for an interlocutory appeal is also denied. An interlocutory appeal to the Seventh Circuit "is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002) (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000)); *see also* 28 U.S.C. § 1292(b). "[A]n issue is not contestable merely because reasonable judicial minds could differ, nor is an issue contestable when the court is unguided by binding precedent." *Emley v. Wal-Mart Stores, Inc.*, No. 1:17-CV-

02350, 2020 WL 108374, at *5 (S.D. Ind. Jan. 8, 2020). Rather, a district court's order is contestable "if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Calvin v. Sheriff of Will Cty.*, No. 03 C 3086, 2006 WL 1005141, at *4 (N.D. Ill. Apr. 14, 2006) (quoting *United States v. Moglia*, No. 02 C 6131, 2004 WL 1254128, at *3 (N.D. Ill. June 7, 2004)). "The decision of whether to grant an interlocutory appeal is discretionary. The party moving for the § 1292(b) interlocutory appeal bears the burden of persuading the court that exceptional circumstances justify departing from the normal course of taking an appeal after entry of final judgment." *Smith v. Ford Motor Co.*, 908 F. Supp. 590, 600 (N.D. Ind. 1995) (citing *Wright v. Kosciusko Med. Clinic, Inc.*, 791 F. Supp. 1327, 1334 (N.D. Ind. 1992)).

In this case, the Court granted the Defendants' Motion to Set Aside Default. *See* Op. & Order at 4, ECF No. 22. The Plaintiffs' Motion for Default Judgment [ECF No. 6] was denied as moot. *Id.* The Seventh Circuit has an established policy which favors a trial on the merits rather than default judgment. *Sun*, 473 F.3d at 811. Further, the decision to vacate an entry of default is left to the sound discretion of the district court. *Id.* The Plaintiffs have failed to identify any caselaw from the Seventh Circuit or the United States Supreme Court which would call this Court's prior order into question. Likewise, the Plaintiffs have failed to identify any cases which have reached a different outcome under the factual circumstances presented in this case. Thus, the Plaintiffs have failed to demonstrate that "there are substantial conflicting decisions regarding the claimed controlling issue of law" or that "there is a substantial likelihood that the district court ruling will be reversed on appeal." *Calvin*, 2006 WL 1005141, at *4 (quoting *Moglia*, 2004 WL 1254128, at *3). Accordingly, because the Plaintiffs have failed to

9

demonstrate that this Court's April 1, 2020 Opinion and Order is contestable, their request for an interlocutory appeal is denied. *See Ahrenholz*, 219 F.3d at 676 ("Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").

## CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Reconsider [ECF No. 23] and Motion for an Interlocutory Appeal [ECF No. 24] are DENIED.

SO ORDERED on April 22, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
