UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID JACKSON III and NICKOLE JACKSON,<br><br>    Plaintiffs,<br><br>        v.<br><br>RICHARD ZORMIER, Police Chief, City of Hobart, Indiana (in his official capacity) and DETECTIVE ROBERT BRAZIL, individually,<br><br>    Defendants. | CAUSE NO.: 2:20-CV-45-TLS-APR |

**OPINION AND ORDER**

David Jackson III and Nickole Jackson,[1] proceeding pro se, filed a document titled "Civil Complaint – Motion for Consolidation." ECF No. 68. In this filing, the Plaintiffs seek to amend their complaint, to consolidate this case with 2:24-CV-9, and to obtain appointment of counsel.[2] They also separately filed a Motion for Appointment of Counsel. ECF No. 69. Because the questions of consolidation and appointment of counsel turn on the nature of the claims upon which the Plaintiffs proceed, the Court first considers the request to amend the complaint.

At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Reasons to deny leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[1] Plaintiffs David and Nickole Jackson seek to add their minor children as plaintiffs to this case, but the minor children are not presently plaintiffs to this case.
[2] The Court has previously admonished the Plaintiffs to file separate motions for different forms of relief as required by Local Rule 7-1. ECF No. 60. While the Court overlooks the lack of compliance on this occasion, the Plaintiffs are cautioned that the Court may strike any future filings that do not comply with this rule.

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

On February 3, 2020, the Plaintiffs initiated this case by filing a complaint against Chief of the Hobart Police Department Richard Zormier and Detective Robert Brazil. ECF No.1. They alleged federal constitutional and state law violations in connection with Mr. Jackson's arrest on March 18, 2018, as well as his subsequent interrogation, investigation, and detention at the Lake County Jail. The initial complaint also concerned a second arrest on March 23, 2018, and a second period of detainment at the Lake County Jail.

On March 25, 2020, the Defendants moved to stay this case pending the resolution of Mr. Jackson's three state criminal cases, which the Court granted. ECF Nos. 17, 31. Nearly four years later, on February 9, 2024, the Defendants contended that, while Mr. Jackson continued to pursue post-conviction relief, his post-conviction claims did not relate to claims in this case, and the Court set a deadline for the Defendants to file a motion to dismiss, thereby lifting the stay. ECF Nos. 46, 48. On March 5, 2024, the Defendants filed a motion to dismiss, which remains pending, arguing that the Plaintiffs failed to state any claims upon which relief could be granted. ECF No. 50.

On August 5, 2024, the Plaintiffs filed a proposed amended complaint, seeking to expand this case to include their minor children as plaintiffs and to assert claims against fifty-three defendants, including but not limited to the State of Indiana, local governmental entities, the Director of the Federal Bureau of Investigation, prosecutors, the Lake County Jail, the Warden of the New Castle Correctional Facility, police officers, probation officers, private companies, state

judges, court reporters, the Indiana and United States Attorney Generals, and the Commissioner of the Indiana Department of Correction. ECF Nos. 68-1, 68-2. They allege federal constitutional and state law violations in connection with Mr. Jackson's arrests, jail conditions, state criminal proceedings, counseling services, terms of probation, a news reporter and her spouse, his landlord, state post-conviction proceedings, state family court proceedings, prison conditions, and parole spanning from March 2018 to the present.

The overarching issue with the proposed amended complaint is that it contains unrelated claims. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (cleaned up). Though the Plaintiffs might perceive this six-year chronology as "a series of continuing wrongs," they are not for purposes of joining them in one complaint. For example, there is no legally valid reason that a claim against Detective Brazil for his interrogation of Mr. Jackson in March 2018 should be in the same lawsuit as a claim against correctional officers for Mr. Jackson failing to receive a tablet device at the New Castle Correctional Facility in 2023 or a claim against the Indiana State Police for failing to investigate a probation officer and prosecuting attorney in April 2024.

Additionally, while many of the defendants are employed by the State of Indiana and its subdivisions, they are legally distinct for purposes of civil rights lawsuits. *See e.g., Monell v.*

3

*Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021) ("There is no such thing as *respondeat superior* liability for government officials under § 1983."); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) ("For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." (cleaned up)). Moreover, the State of Indiana itself is not a suable entity. *See Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 909 (7th Cir. 1991) ("The Supreme Court, however, long ago dispelled the notion that section 1983 abrogated the states' eleventh amendment immunity . . . ."); *Brunken v. Lance*, 807 F.2d 1325, 1328 (7th Cir. 1986) (recognizing that "the Supreme Court has consistently interpreted the Eleventh Amendment as also prohibiting a suit against a State by a citizen of that same State").

While the Court declines to conduct a full-scale analysis of the proposed amended complaint, the Court observes that the discrete claims suffer from numerous other deficiencies. *See, e.g.*, *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (limitations of *Bivens* claims); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983 . . . ."); *Tobey v. Chibucos*, 890 F.3d 634, 649–50 (7th Cir. 2018) (extending immunity to prosecutors and probation officers in probation revocation cases); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (judicial immunity); *Behavioral Inst. of Ind., LLC v. Hobart City of Common*

*Council*, 406 F.3d 926, 929 (7th Cir. 2005) (two-year statute of limitations); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (extending the *Heck* doctrine to revocation proceedings).

The Court also finds that allowing such an unwieldly amendment at this stage of the proceedings would result in unfair prejudice to the two Defendants presently in this case. After first appearing in March 2020, they would now be subjected to a sprawling lawsuit spanning more than six years and involving dozens of events in which they had no involvement. Accordingly, the Court denies the Plaintiffs leave to proceed on this proposed amended complaint.

The Court next considers whether to consolidate this case with cause number 2:24-CV-9. "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). Whether to consolidate cases is "a matter of convenience and economy in judicial administration." 9A Wright & Miller, Fed. Prac. & Proc. § 2383 (3rd ed. 2008). In cause number 2:24-CV-9, Mr. Jackson filed a complaint against Prosecutor Wardrip and Parole Officer Otto in connection with his convictions, probation revocations, and child custody proceedings. The court dismissed the complaint for failure to state a claim and for lack of subject matter jurisdiction, and there is no presently operative complaint in that case. Though Mr. Jackson has filed the same proposed amended complaint in that case, he likely will not be able to proceed on it in that case due to the unrelated nature of the claims. As a result, the motion to consolidate is denied.

On a related note, the Plaintiffs must stop filing a single motion in multiple cases. While there is generally no issue with filing two motions seeking similar or identical relief in two separate cases, each of these motions should include only a single case number in the caption and

5

that case number should pertain to the case in which the Plaintiffs intend the motion to be filed. The Plaintiffs are cautioned that the Court may strike any future filings that contain more than one case number in the caption.

The Plaintiffs also request appointment of counsel. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654 (citation omitted).

The Plaintiffs assert physical and mental health issues with respect to Mr. Jackson, but review of the Plaintiffs' filings suggest that they are capable of adequately articulating and organizing the relevant facts, citing relevant legal authorities, advocating for themselves, and responding to court orders. While they might struggle to litigate this lawsuit as set forth in their proposed amended complaint,[3] the Court does not perceive that they are incompetent to litigate the narrower, related claims in this case. Moreover, at this stage of the litigation, the only task that remains before the Court is to resolve the pending motion to dismiss, which is fully briefed. Therefore, the motion to appoint counsel is denied.

For these reasons, the Court:

(1) DENIES leave to amend the complaint;

(2) DENIES the Motion to Consolidate [ECF No. 68];

---

[3] Indeed, the defendants with counsel would also struggle to litigate such an unwieldy case, and the Court would similarly struggle to manage it.

(3) DENIES the Motion to Appoint Counsel [ECF No. 69]; and

(4) DENIES as moot the Motion for Extension of Time [ECF No. 72].

SO ORDERED on September 6, 2024.

                                                  s/ Theresa L. Springmann  
                                                  JUDGE THERESA L. SPRINGMANN  
                                                  UNITED STATES DISTRICT COURT